UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-25-TAV-JEM |
| KYLE WILLIAM SPITZE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Kyle Spitze's Second Motion to Continue Trial and All Deadlines [Doc. 34], filed on September 18, 2024.

Defendant requests that the Court continue the trial date and all associated deadlines [Doc. 34]. In support of his motion, Defendant states that discovery has been complicated and voluminous [*Id.* ¶ 2]. He has accommodated the Government's desire to protect personal information in the evidence, slowing the transfer of information [*Id.*]. He asserts that the parties have communicated openly and regularly; negotiations are ongoing [*Id.* ¶ 3]. Defendant argues that he needs additional time to review the case and prepare his defense because of the manner of discovery production, the complexity of legal issues regarding the allegations, and the multiple life sentences he faces [*Id.* ¶ 4]. He represents that the Government does not oppose a continuance [*Id.* ¶ 5]. Defendant understands that all the time between filing the motion and a rescheduled trial date is excludable for speedy trial purposes [*Id.*].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review discovery, continue negotiating, and prepare for trial if such negotiations are not fruitful. The Court finds that all of this cannot occur before the October 8, 2024 trial date.

The Court therefore **GRANTS** Defendant Kyle Spitze's Second Motion to Continue Trial and All Deadlines [**Doc. 34**]. The trial of this case is reset to **February 18, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on September 18, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Kyle Spitze's Second Motion to Continue Trial and All Deadlines [**Doc. 34**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 18, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 18, 2024**, and the new trial date of **February 18, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 21, 2025**;

(5) the deadline for filing motions *in limine* is **February 3, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 4, 2025, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 7, 2025**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge