UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:24-CR-25 |
| v. | ) |
| | ) JUDGE VARLAN |
| KYLE WILLIAM SPITZE | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, KYLE WILLIAM SPITZE, and the defendant's attorney, Jonathan D. Cooper, have agreed upon the following:

1. The defendant will plead guilty to Counts One, Six, Seven and Eight in the indictment:

    a) Counts One and Eight charge the defendant with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e).

The punishment for this offense is a term of imprisonment of not less than fifteen (15) years and not more than thirty (30) years, a fine up to $250,000.00, a mandatory five (5) years up to life on supervised release, forfeiture, restitution, no more than a $50,000.00 assessment mandated by 18 U.S.C. §2259A, and $5,000.00 and $100.00 special assessment fees.

    b) Count Six charges the defendant with knowingly abetting the distribution of animal crushing videos in violation of 18 U.S.C. § 48.

The punishment for this offense is a term of imprisonment of up to seven (7) years, a fine up to $250,000, up to three (3) years on supervised release, $100.00 special assessment fee, restitution, and forfeiture.

c) Count Seven charges the defendant with possessing and accessing with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

The punishment for this offense is a term of imprisonment of up to ten (10) years imprisonment and up to twenty (20) years if the content has children under twelve (12) years of age; a fine of up to $250,000.00; a mandatory five (5) years up to life on supervised release; forfeiture, restitution, no more than a $17,000.00 assessment mandated by 18 U.S.C. §2259A, and $5,000.00 and $100.00 special assessment fees.

2. In consideration of the defendant's guilty pleas, the United States agrees to move the Court at the time of sentencing to dismiss Counts Two (2), Three (3), Four (4) and Five (5) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offenses are as follows:

**Production of Child Pornography:**

i. The defendant employed, used, persuaded, induced, or enticed an individual to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so;
ii. That the individual was a minor at the time;
iii. The defendant knew or had reason to know that the visual depiction was going to be transported in interstate or foreign commerce; or
c. The visual depiction was actually transported in interstate or foreign commerce.

**Knowingly Abetting the Distribution of Animal Crushing Video**

i. The defendant knowingly abetted the distribution of an animal crush video (any photograph);
ii. The video was obscene;
iii. The distribution was in or using a means or facility of interstate commerce.

2

**Possession and Access with Intent to View Child Pornography**

     i.     The defendant knowingly possessed or accessed with intent to view material that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8); and
     ii.     Such child pornography has been shipped or transported in or affecting interstate or foreign commerce;
     iii.     the defendant knew that such items contained child pornography.

4.     In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

Defendant is a member of the "764" and the HarmNation (HN) groups. HN is an off shoot of "764". The members of said groups conspire to engage in criminal activity in violation of federal laws that involve the use or threat of violence to intimidate or coerce a civilian population.

In December of 2023, Discord sent the Federal Bureau of Investigation (FBI) a report on HN as it pertained to the use of Discord by the HN members and its victims. The username "CRIMINALOLI", now known to be the defendant, was one of the most prolific HN members on Discord. Further, the investigation showed the defendant was an administrator of a Telegram "Channel" called "Criminal content". The defendant's Telegram username was "crimhn" with the display name "Criminal". Law enforcement obtained a video the defendant uploaded on his channel, "Criminal content" which included post-pubescent minor girls exposing their bare breasts and vaginas with various variations of the defendant's moniker written in blood or carved on their bodies; dozens of images of "criminal" or "crim" carved into the legs, arms, chests, and/or face of different victims, the majority of whom appear to be young, early teenage to late teenage girls; an image of a underaged minor inserting what appears to be a large pen or marker into her vagina;

3

images of a mutilated chicken in a bathtub with the intestines spelling out "CRIM" next to the decapitated chicken.

On February 10, 2024, a search warrant was obtained and executed for the defendant's cell phone in the Eastern District of Tennessee. The defendant's phone contained of images and videos exactly like those he had uploaded to his "Criminal content" Telegram channel. Specifically, defendant knowingly possessed material that contained CP images as defined in Title 18, United States Code, Section 2256(8) of nude young teenage girls posing with their vaginas exposed often times with blood-written messages across their breasts and stomachs. Defendant also has images/videos of domesticated animals such as dogs, rabbits and chickens being decapitated by his victims.

The defendant's phone has approximately 25 photo albums titled with nicknames or first names. One album is labeled with the name of Minor Victim ("MV") 1. In MV1's album are multiple images and videos of CP of MV1 and videos of MV1 mutilating chickens. Several of the images/videos were posted on the video located on the "Criminal Content" channel. MV1 was twelve at the time she had contact with the defendant and believed she was his girlfriend. In the MV1 album is an image of MV1's bare vagina being spread apart with her fingers. The forensic analysis of defendant's iPhone indicates the image was created on or about July 22, 2023. The production of the MV1 CP was based on the defendant inducing MV1 to take the sexually explicit image and send it to him knowing the image was going to be sent via the internet to his cell phone located in the Eastern District of Tennessee, where he saved the image in the MV1 folder with other images and videos he induced MV1 to produce and send to him. Another image found in the MV1 folder was of a decapitated chicken with a knife and its entrails lying next to the body. The entrails spell out the defendant's moniker "crim". The forensic examination of his iPhone proved the image was distributed to the defendant through the internet on or about July 25, 2023, in the Eastern

4

District of Tennessee. MV1 admitted the defendant abetted her into producing the obscene images/videos along with other similar type photos of her decapitating chickens, cutting his moniker and/or name into her body and distributing the images/videos to him. If MV1 was at all hesitant, the defendant threatened her and her parents with "doxing"[1] or "swatting"[2]. Texts messages between MV1 and the defendant located on defendant's iPhone corroborated MV1. The defendant specifically requested MV1 kill either a chicken or a lamb.

The forensic examination of defendant's iPhone also revealed images/videos of MV2, who was identified as a 15-year-old minor at the time she began communicating with the defendant. Multiple images of sexually explicit conduct by MV2 were located in the defendant's phone on February 10, 2024, in the Eastern District of Tennessee. One image shows MV2 naked and kneeling on her bed with her hands covering her breasts. Another CP image shows MV2 sitting in the same position with her hands again covering her breasts, and her vagina exposed. there is a small heart between her breasts, the word "crim" and a swastika all written, in MV2's blood. The image also shows that she had cut her thigh to produce the blood to write the words. MV2 indicated the defendant had her produce the sexually explicit images for the purpose of creating visual CP depictions of MV2 for the defendant to upload to his Telegram Channel. MV2 said she was threatened with doxing and swatting by the defendant if she did not comply with the defendant's demands.

Defendant admits he had a terrorist motive in committing his crimes.

---

[1] Doxing or doxxing is the act of publicly providing personally identifiable information about an individual or organization, usually via the Internet and without their consent.

[2] Swatting is a criminal harassment act of deceiving an emergency service (via such means as hoaxing an emergency services dispatcher) into sending a police or emergency service response team to another person's address.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a total sentence between three hundred and sixty (360) months and life imprisonment is the appropriate disposition of this case. Additionally, the Court may impose any lawful term of supervised release, any lawful fine(s), and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the

commission of a violation of 18 U.S.C. § 2251 (a) and (e), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees.

The defendant agrees to forfeit the defendant's interest in the following property which includes, but is not limited to, the following property seized from defendant KYLE WILLIAM SPITZE, on or about February 10, 2024: Black Apple iPhone 11, SN: FFYGXTDHN721, IMEI: 357838492062684.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

In the event a money judgment forfeiture is ordered, the Defendant agrees to send all money judgment payments to the United States Marshals Service. Defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody, the defendant agrees that the Bureau of Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. The defendant further agrees to cooperate fully in efforts to collect on the money

judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of the money judgment without notifying defendant's counsel and outside the presence of the defendant's counsel.

9. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case (including dismissed counts); and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offenses.

10. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or

other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a)    If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c)    If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11.    The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

    a)    The defendant will not file a direct appeal of the defendant's conviction(s) ~~or sentence~~. [handwritten: KWS, SDC, JK]

    b)    The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two

9

exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

        c)      The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

      12.      The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

      13.      This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant

10

violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

11

|  |  |
|---|---|
| | FRANCIS M. HAMILTON III<br>UNITED STATES ATTORNEY |
| 12/10/2024<br>Date | By: *Jennifer Kolman*<br>Jennifer Kolman<br>Assistant United States Attorney |
| 12-05-2024<br>Date | *Kyle Spitze*<br>Kyle William Spitze<br>Defendant |
| 12/5/2024<br>Date | *Jonathan D. Cooper*<br>Jonathan D. Cooper<br>Attorney for the Defendant |

12

Case 3:24-cr-00025-TAV-JEM   Document 36   Filed 12/10/24   Page 12 of 12
PageID #: 174