# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No.: 3:24-CR-25 |
| | ) | JUDGE VARLAN |
| KYLE WILLIAM SPITZE | ) | |

## SUPPLEMENTAL SENTENCING MEMORANDUM FOR THE UNITED STATES

The United States has previously filed a sentencing memorandum on June 15, 2026. [Doc. 62]. The deadline to file a sentencing memo is today, August 3, 2026. The United States has recently acquired jail incident reports from the Blount County Jail where Defendant is most recently being housed. All the reports are relevant to show Defendant's lack of respect for the law. Therefore, the United States files this supplemental sentencing memorandum to discuss the pertinent violations of Defendant while waiting for adjudication of his crimes.

## DEFENDANT'S ACTIONS WHILE IN JAIL AWAITING ADJUDICATION OF HIS CASE DEMONSTRATE HE CONTINUES TO HAVE NO RESPECT FOR THE LAW AND WILL CONTINUE TO INTIMIDATE AND HARM OTHERS

On February 24, 2024, Defendant was arrested and initially housed at Laurel County Corrections in London, Kentucky for his crimes. [Doc. 44, pg. 2]. Soon thereafter, it was learned that Defendant was communicating with his minor victims and with his father, who assisted him in contacting and intimidating his victims. [Doc. 62, pgs. 16-8]. As a result of those crimes and violations while in Laurel County Corrections, Defendant was moved to the Blount County Jail in Maryville, Tennessee, where he has been housed ever since.

## ACTIONS SPEAK LOUDER THAN WORDS

Defendant's continued enjoyment in intimidating others has been highlighted by his actions in the two and a half years he has been in jail waiting for the adjudication of his case.

Defendant's own actions show the total lack of respect he has for rules and laws, and that life in jail will not deter him. From June of 2024 until his last incident report in May of 2026, Defendant has had twelve (12) incident reports of infractions in the Blount County Jail alone. Some small, such as not having a required armband, to quite serious, such as hiding razor blades. Three of these instances are problematic and relevant in considering the § 3553A factors for a just sentence.

Defendant's two years of continuous violations foreshadow a grim outlook on his future imprisonment. His actions in jail speak for themselves. Defendant has no intention of being compliant while in the Federal Penal System. He has no respect for the law or authority figures.

On June 2, 2024, shortly after Defendant had transferred into the Blount County Jail, corrections officers learned of Defendant and two other inmates[1] were performing sexual acts on one another in the area known as the "cave." Defendant is said to be running "Colts Harmnation" which is described as a devil worship group. One of the inmates involved in the sexual activities with the defendant in the "cave" had a Colt Harmnation symbol cut into his chest with a razor blade, and the same symbol was found on the wall in the "cave." Law enforcement discovered that several of the inmates in Defendant's cell block had hidden razor blades. Specifically, Defendant was known to have a razor blade in a skittles wrapper on his "boat"[2].

A search was conducted of the inmates and their cell block. Several contraband razors were found hidden, including one in Defendant's laundry bag. On the inmate who allegedly had a Colt Harmnation symbol carved into his body, he was observed to have multiple lacerations on

---

[1] On of them is now a convicted federal child predator who appeared in front of this Honorable Court.

[2] A palette on which the inmates sleep.

2

the left-hand side of his chest.  (It is unknown if the reporting office was aware of what the Colt Harmnation symbol looks like).  The inmate explained the lacerations by saying he was having "deep thoughts" and panic attacks three-to-five days prior but not feeling suicidal at the moment.

At the very least, Defendant was hiding contraband that was meant to cause serious harm. At most, he had found another victim who was willing or unwilling to participate in scarring his chest.  Either way, Defendant had been at Blount County Jail for only a short time and was already involved in an incident that looked similar to his crimes against his minor victims. Defendant pled guilty to deception, interfering with staff duties, and contraband.

On January 23, 2025, Defendant was in the day room of his cell block with another inmate.  A corrections officer walked by and noticed both were wearing face coverings. Defendant had his face covered from his nose to his chin.  The covering looked like it was a ripped sheet.  The other inmate had his nose and mouth covered with what looked like a sock. The corrections officer told both Defendant and the other inmate to take off the face coverings. Defendant verbally refused.  The corrections officer continued with his assigned duty, but looked into the dayroom two other times, noting that neither had taken off their facial coverings.  On his third pass by the day room, the corrections officer was stopped by Defendant asking if he was going to be written up.  The corrections officer told Defendant he should have removed the face coverings when told.  Defendant responded by lying, saying he had removed the face covering, when the corrections officer had told him to.

Defendant offered no explanation for the face coverings.  It is possible Defendant was thinking of the other inmates because he had halitosis, however, it is more probable he was attempting to intimidate others in his cellblock, potentially a corrections officer, or both.

3

Defendant was found guilty of interfering with staff duties, deception, and lying and giving false information.

On May 6, 2026, correction officers responded to an inmate hitting the emergency button on Defendant's cell block.  Information was received that Defendant had a razor blade and was planning to attach it to a toothbrush and slash or cut a corrections officer.  Correction officers learn Defendant was hiding the razor in his bible between pages 141 and 142.  A search was performed and, in a blue bible between pages 1142 and 1143, a razor was found.  Defendant admitted the blue bible was his.  Defendant was once again placed in punitive for contraband.  As of June 29, 2026, Defendant was still in punitive.

Defendant's continued attempts to hide razor blades sends a strong signal – he is willing to seriously hurt another human being.  Based on the criminal acts that got him into jail, he enjoys conducting juveniles and people with mental issues to cut themselves at his direction.  While being in jail limited his options for those he could manipulate into cutting themselves, he nonetheless had a razor ready, whether for a willing participant or a person he might have to cut himself.

4

This defendant need not utter a sound; his actions show what a dangerous human being he is.  There is nothing to show Defendant wants to be or can be rehabilitated.  The safety of all children is paramount, and the only way to do that is a stringent sentence.  A sentence of nine hundred and twenty-four (924) months followed by a lifetime of supervised release is the only punishment.

Respectfully submitted this 3rd day of August 2026.

FRANCIS MARION HAMILTON III
UNITED STATES ATTORNEY

By:    *s/ Jennifer Kolman*
Jennifer Kolman
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
jennifer.kolman@usdoj.gov
GA Bar #427930

5